656 F.2d 337
 James C. MILLS, Appellant,
v.
Officer Jack SMITH, Sherwood Police Department, Sherwood,
Arkansas, Charles Sellinger, Dennis Duran, As Individuals
and as Officials and Employees of the City of Sherwood,
Arkansas and Other Unknown Officials and Employees of the
City of Sherwood, Arkansas, Appellees.
 No. 80-1851.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 18, 1981.
Decided Aug. 12, 1981.
 
 Michael Hamilton, Kaplan, Brewer & Bilheimer, P.A., Little Rock, Ark., for appellees.
 Wright, Lindsey & Jennings by Wendell L. Griffen, Little Rock, Ark., for appellant.
 Before HENLEY and McMILLIAN, Circuit Judges, and COLLINSON, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Mills brought this § 1983 action against police officers and officials of Sherwood, Arkansas, contending that his civil rights under the eighth and fourteenth amendments were violated when police officer Smith shot him and later when officials refused to provide him with proper medical attention. The district court[1] rejected these contentions and found that the shooting was accidental and that adequate medical care was provided. Accordingly, the district court entered judgment for the defendants, and Mills appeals.
 
 
 2
 Most of the relevant facts are not in dispute. Mills and one Michael Jones escaped from the Sherwood, Arkansas jail at around 2:00 p.m. on November 25, 1978. Officer Smith, realizing that the two had escaped, went to get a gun, and then chased Mills. Smith drew his gun, cocked it, and told Mills to halt or he would shoot. At that point, Mills stopped, and Smith ordered Mills to lie down on the ground, which he did. With the gun still in one hand, Smith placed his knee on Mills' back, and with the other hand, secured his handcuffs and attempted to handcuff Mills. The gun discharged, and Mills was wounded in the back.
 
 
 3
 According to Smith, Mills moved, causing Smith to lose his balance and the gun to discharge. According to Mills, he did not move, and therefore the shooting must have been deliberate. Jones, the other escapee, testified that he was hidden behind some bushes, watching Mills and Smith. Jones claimed that he saw Smith look around as if to see whether anyone was watching, and that Smith then shot Mills deliberately.
 
 
 4
 The bullet hit Mills in the middle of the back. An ambulance was summoned, and Mills was taken first to Memorial Hospital in North Little Rock, where he was examined by physicians, and then to the University of Arkansas Medical Center where he received additional treatment. He was returned to the Sherwood jail at around 6:30 p.m. on the same day of the shooting. There is no evidence of residual disability or acute distress. There was, of course, some pain and bleeding immediately following infliction of the injury.
 
 
 5
 Mills did not challenge the adequacy of the initial treatment. He claims, however, that in the evening he told a police officer that he wanted to go back to the hospital, and a paramedic stated that he should go back. He claims that police officers told him that he could go to the hospital only after he made a statement favorable to Smith and that, believing he could not get medical attention otherwise, he stated that he thought the shooting was an accident. Mills was readmitted to the University of Arkansas Medical Center at around 10:00 or 10:30 p.m. After treatment lasting fifteen minutes, Mills was taken to the Pulaski County Jail.
 
 
 6
 The district court credited the testimony of Smith that the shooting was accidental, and found that Smith's conduct was negligent at most, and therefore Mills could not prevail on his § 1983 claim against Smith. On appeal Mills argues that the finding of fact that the shooting was accidental is clearly erroneous, and even if the shooting occurred as Smith claimed, Smith's conduct was reckless, and therefore Mills should prevail on the § 1983 claim. Mills also argues that the district court erred in finding that he received adequate medical treatment.
 
 
 7
 The facts surrounding the shooting are undisputed except for the question whether Mills moved, causing Smith to lose his balance and the gun to discharge, or whether Smith fired the gun deliberately. The question of how the shooting occurred was essentially one of credibility of witnesses. We cannot say that the district court clearly erred in crediting the testimony of Smith that the gun discharged when Mills moved, over the contrary testimony of Jones and Mills. There was no evidence of previous hostility between Smith and Mills; thus, Smith had no reason to deliberately shoot Mills. Further, Jones' testimony concerning his actions after escaping was incredible, and it is doubtful that he actually witnessed the shooting.
 
 
 8
 We must also reject appellant's contention that even if the shooting happened the way Smith claimed, Smith's conduct was unreasonable and reckless[2] so as to violate Mills' constitutional rights under the eighth amendment. Even though Mills complied with Smith's orders, Mills had, after all, just escaped from prison, and Smith, as a police officer, had the duty to capture him. Further, there was very little time between Smith's order to halt and his attempt to handcuff Mills. Finally, Mills was a much bigger person than Smith who at the time was unassisted by any other officer.
 
 
 9
 We also find no error in the district court's determination that Mills received prompt medical treatment. For a prisoner to prevail upon a claim of denial of medical treatment, he must show "deliberate indifference" to his "serious medical needs" on the part of prison officials. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Although Mills claims he was in severe pain and had to wait a long time for more treatment, the record refutes this claim. Mills' brother Billy visited at around 7:00 p.m. the same day as the shooting. Billy testified that all appellant said was that he was hurt; Billy did not mention appellant asking for further medical attention. Further, Billy himself did not ask prison officials to send his brother back to the hospital. Appellant (on cross-examination) stated that he requested medical attention at about 8:00 p.m. A paramedic came in, and on his recommendation Mills was sent back to the University of Arkansas Medical Center. The time of Mills' departure from the jail was about 9:30. The record thus fails to establish "deliberate indifference" on the part of officials to Mills' "serious medical needs."
 
 
 10
 In summary, we find no violation of appellant's constitutional rights and no merit to his claims under § 1983.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William R. Collinson, United States Senior District Judge, Western District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas
 
 
 [2]
 The district court found that "the shooting of Mr. Mills was an accident negligence at the very most and therefore is not recoverable under § 1983." After the district court's decision, the Supreme Court indicated that negligence may be enough in some cases to support recovery under § 1983 for loss of property. Parratt v. Taylor, --- U.S. ----, ---- - ----, 101 S.Ct. 1908, 1910-1914, 68 L.Ed.2d 420 (1981). However, still required for a § 1983 action founded on the fourteenth amendment is the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States. We do not think the record in the instant case shows any such deprivation, even assuming simple negligence on the part of Smith. A negligent action resulting in personal injury does not become a constitutional violation merely because the tortfeasor is a state or local police officer. To hold otherwise " 'would make the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States'." Parratt v. Taylor, supra, --- U.S. at ----, 101 S.Ct. at 1917, quoting Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976)