**Lee Edward FRANKLIN, Appellant,**

v.

**A.L. LOCKHART, Director, W. Sargent, Warden and R. Perry, Captain, Arkansas Dept. of Correction, Appellees.**

No. 84–2289.

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1985.

Decided Aug. 8, 1985.

Richard A. Garrett, Bryant, Ark., for appellant.

Randel Miller, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and ROSS, Circuit Judge.

PER CURIAM.

Lee Edward Franklin, an inmate of the Cummins Unit of the Arkansas Department of Correction, appeals the district court's grant of summary judgment on his civil rights complaint under 42 U.S.C. § 1983.

Franklin's pro se complaint alleged numerous constitutional violations by prison officials in connection with punitive sentences he served. First, Franklin alleged that the imposition of two consecutive thirty-day punitive sentences for his failure to report for work on August 2 and 3 of 1983 was in violation of the fifth amendment.[1] Second, he alleged that his confinement in the East Building was discriminatory because other inmates were permitted to serve punitive sentences in the more desirable environment of 16 Barracks. Third, he alleged that he was subjected to punitive conditions (i.e., denied his property, cosmetics, and commissary privileges) during 48 hours of non-punitive status between his two thirty-day punitive sentences. Fourth, he alleged that many conditions of his confinement constituted cruel and unusual punishment, including the denial of sufficient shower time and items essential for personal hygiene, such as deodorant, shampoo, and

---

1. Franklin argues that an inmate who quits work commits one offense, and thus the double jeopardy clause prohibits separate punishments for each day of work missed.

combs; subjection to unsanitary conditions created by confiscation of his personal cup, water turn-off for days at a time, and sewer backup in his cell; the denial of an adequate law library procedure and ink pens so as to limit his meaningful access to the courts; and his subjection to a strip search twice daily for the purpose of humiliation and harassment. Franklin alleged these searches occurred while he "was confined to a single two man cell, not having access to anything other than tissue and three meals daily which were issued by the maximum security staff."

Following defendants' answer, Franklin moved for judgment on the pleadings. Defendants moved for summary judgment on the basis that their motion and affidavit resolved all factual issues and that "the facts although true do not rise to the level of a constitutional violation * * *." Instead of responding with additional facts to defendants' supported motion for summary judgment, Franklin requested appointment of counsel. The United States magistrate recommended dismissal of the complaint, relying on *Finney v. Mabry*, 534 F.Supp. 1026, 1032–33 (E.D.Ark.1982) (punitive isolation conditions at the Cummins Unit have achieved constitutional standards) and *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979) (courts should defer to prison administrators' judgment as to policies and practices needed to maintain order and institutional security). In his objections to the magistrate's recommendation for dismissal, Franklin asserted that his hearing before the magistrate, scheduled for June 28, 1984, never occurred, and that details he planned to provide at the hearing would have demonstrated constitutional violations. Without a hearing, the district court granted defendants' motion for summary judgment and dismissed Franklin's complaint.

Franklin argues on appeal that the district court erred in granting summary judgment because the magistrate failed to hear his case as scheduled or to notify him of the hearing's cancellation, and because the court relied on *Finney v. Mabry*. Franklin argues that prison policies and conditions have changed since that case was decided and the court should not have relied on its previous conclusion that the prison was in compliance with the Constitution. Franklin's brief then details the allegations of his complaint.

We agree with the district court that all but one of Franklin's allegations fail to state claims of constitutional magnitude. We believe, however, that there is a genuine issue of material fact regarding the constitutionality of the daily strip searches.

Although Franklin did not respond to the motion for summary judgment and its supporting affidavit, Federal Rule of Civil Procedure 56(e) states that, in the absence of a response, summary judgment shall be entered *if appropriate.* Summary judgment is inappropriate unless the moving party establishes his right to judgment with such clarity as to leave no room for controversy and the non-movant is not entitled to recover under any discernible circumstances. *E.g., Cummings v. Roberts*, 628 F.2d 1065, 1068 (8th Cir.1980). This Court has previously noted that even if the district court "is convinced that the moving party is entitled to [summary] judgment the exercise of sound judicial discretion may dictate that the motion should be *denied*, and the case fully developed." *McLain v. Meier*, 612 F.2d 349, 356 (8th Cir.1979).

A pro se pleading in a civil rights case is to be liberally construed. *Id.* Furthermore, in reviewing a grant of summary judgment, we must view all evidence in the light most favorable to the party opposing the motion. *Id.* So viewed, the evidence shows that Franklin was strip searched twice a day while he was confined to his cell with access to only staff-issued meals and tissue. We cannot say that defendants' mere declaration that these searches occurred "according to policy" to maintain security and prevent the flow of contraband clearly establishes defendants' right to judgment on this claim. Though defendants' objectives may indeed have been legitimate, "the need for the *particular* search [must be balanced] against the invasion of

personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. at 559, 99 S.Ct. at 1884 (emphasis added). The search must be reasonable in its scope and its manner of execution. *Id.*

We believe that summary judgment without an evidentiary hearing on this claim was inappropriate, and that the district court should have the opportunity to consider the details of this particular strip search procedure. We therefore reverse and remand for appointment of counsel and further proceedings on the strip search issue. As to the remainder of Franklin's claims, we affirm the judgment of the district court.