Bruce TAGSTROM, Appellee,

v.

William ENOCKSON, John Doe, Appellants.

No. 87–2647.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1988.

Decided Sept. 23, 1988.

George A. Carroll, Sioux City, Iowa, for appellants.

Stanley E. Munger, Sioux City, Iowa, for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

WOLLMAN, Circuit Judge.

William Enockson, a Sioux City, Iowa, police officer, appeals the district court's order denying his claim of qualified immunity. We reverse and remand.

## I.

At approximately 2:00 a.m. on April 7, 1984, Sioux City police officer Martin Pottebaum observed Bruce Tagstrom ride his motorcycle through a stop sign in Sioux City. Pottebaum also noticed that Tagstrom was operating the motorcycle without a functioning headlight. After running the stop sign, Tagstrom was forced to lay the motorcycle down on its side in the street to avoid hitting another vehicle. Pottebaum called out to Tagstrom, but Tagstrom fled the scene on his motorcycle, and a high-speed pursuit began.

The chase ended when Tagstrom struck another vehicle and was thrown from his motorcycle against a nearby tree and rendered unconscious. Attempting to avoid the aftermath of that collision, Pottebaum lost control of his car and struck some parked vehicles, suffering serious injuries and being knocked unconscious as a result. Enockson was driving the second police pursuit car and was the next officer on the scene.

Enockson went first to Tagstrom, recognized that he was seriously hurt and unconscious, and immediately called an ambulance. Enockson next checked on Pottebaum, and finding him in serious condition called a second ambulance. Enockson then remained with Pottebaum. Other officers quickly arrived on the scene, checked Tagstrom, and kept onlookers away from him until the ambulance arrived. The ambulance arrived for Tagstrom within several minutes of Enockson's call.

Tagstrom filed suit under 42 U.S.C. § 1983 (1982) against Enockson, Pottebaum, other police and city officials, and against the city of Sioux City, alleging that the defendants had violated his constitutional rights as protected by the fourth, eighth, and fourteenth amendments when they pursued him at high-speed, seized him unreasonably, and intentionally denied him medical care. Tagstrom also alleged several pendent state claims. The district court granted defendants' motion for summary judgment in part, dismissing the constitutional claims against all defendants except the denial of medical care claim against Enockson. 668 F.Supp. 1269. The district court found that summary judgment was unavailable to Enockson because there was enough circumstantial evidence to create a question for the jury as to whether Enockson was "deliberately indifferent" to Tagstrom's medical needs or whether Enockson "failed to properly attend to [Tagstrom]." We disagree.

■■ Enockson was in no way deliberately indifferent to Tagstrom's medical needs.

*The HONORABLE EARL R. LARSON, United States Senior District Judge for the District of Minnesota, sitting by designation.

It is undisputed that Enockson called an ambulance for Tagstrom immediately upon seeing the accident and that the ambulance arrived within six minutes or less. Although Enokson stayed with Pottebaum after calling the ambulances, other officers involved in the chase were on the scene quickly and watched over Tagstrom. Given these facts, there can be no question that Enockson did not intentionally deny or delay medical treatment for Tagstrom. *Mills v. Smith,* 656 F.2d 337, 340 (8th Cir. 1981) (no deliberate indifference when, in response to prisoner's complaint, prisoner was checked by paramedic and sent to hospital within one and a half hours); *cf., e.g., Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1985) (deliberate indifference is characterized by "obduracy and wantonness" in the denial of necessary treatment); *Cummings v. Roberts,* 628 F.2d 1065, 1068 (8th Cir.1980) (question of fact raised when plaintiff alleged he was deliberately denied medical treatment for three days).

Tagstrom's reliance on *Cooper v. Dyke,* 814 F.2d 941 (4th Cir.1987), to establish that Enockson was deliberately indifferent to his medical needs is misplaced. In *Cooper,* the defendant police officers were found deliberately indifferent when they left the plaintiff handcuffed to a detention rail in the police station for approximately two hours despite his repeated complaints that he had been shot in the chest and despite the defendants' knowledge that the plaintiff had received only an extremely cursory examination by a paramedic. *See id.* at 945–46. By contrast, Enockson immediately called an ambulance, which arrived within minutes.

■ Tagstrom asks us to find that Enockson had an affirmative duty to render medical assistance himself, such as giving mouth-to-mouth resuscitation or CPR. However, Tagstrom points to no cases that clearly establish that Enockson had such a duty. *See Maddox v. City of Los Angeles,* 792 F.2d 1408, 1415 (9th Cir.1986) (the due process clause imposes no affirmative duty on police officers to give first aid to pre-trial detainees). Enockson properly performed his duty by immediately calling an ambulance. His decision not to give medical assistance to Tagstrom, who had apparently suffered severe head and spinal injuries, did not violate Tagstrom's right to prompt medical assistance. As the district court acknowledged, refusing to move a person with a serious spinal injury "can hardly be considered a policy of deliberate indifference to serious medical needs." The delay, if any, in the arrival of the ambulance was not, on the facts before us, attributable to Enockson.

## II.

Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is nothing in the record to indicate that Enockson deprived Tagstrom of any constitutional right. "The facts shown by [Tagstrom] simply do not create a triable issue of fact." *Wright v. South Arkansas Regional Health Center, Inc.,* 800 F.2d 199, 205 (8th Cir.1986).[1] Thus, the district court should have dismissed the constitutional claim against Enockson on its merits. *See Williams v. Willits,* 853 F.2d 586 (8th Cir.1988).

We reverse the order appealed from, and we remand the cause to the district court with directions to dismiss the constitutional claim against Enockson.

---

**1.** Enockson's motion to strike the supplemental material submitted by Tagstrom is granted.