**Ronnie T. KRAUSE, Plaintiff,**

v.

**Allen YOUNG, et al., Defendants.**

No. 88–2132C(6).

United States District Court,
E. D. Missouri, E.D.

Aug. 3, 1989.

Ronnie Thomas Krause, Fulton Reception & Diagnostic Center, Fulton, Mo., pro se.

Bruntrager & Billings, Laurel T. Siemers, St. Louis, Mo., for plaintiff.

Kevin M.J. Crane, Asst. Atty. Gen., Jefferson, City, Mo., for defendants.

MEMORANDUM

GUNN, District Judge.

This case is currently before the Court on defendants' motion for summary judgment. For the following reasons, defendants' motion will be granted.

Plaintiff Ronnie T. Krause, a Missouri state prisoner currently incarcerated at Fulton Reception and Diagnostic Center in

Fulton, Missouri, brings this action pursuant to 42 U.S.C. § 1983 against parole officer Allen Young, senior district supervisor J.R. Gitlin, and the Missouri Board of Probation and Parole. Krause alleges that defendants violated his constitutional rights when they denied him the opportunity to post bail upon his arrest for unlawful use of a weapon and armed criminal action, allegedly in violation of his parole. Krause also challenges the constitutionality of a preliminary hearing to determine probable cause to hold a final parole revocation hearing on the basis that the board's finding of probable cause was based impermissibly upon unsubstantiated police reports concerning his arrest.

In opposition to defendants' motion, Krause filed his own affidavit wherein he asserts among other things that defendant Young "issued a parole violation warrant"; that he was unconstitutionally denied bail "for the reason that alleged parole violators are entitled to bail"; and that "a preliminary revocation hearing was held where it was determined solely from police reports that probable cause existed that plaintiff violated conditions of his parole".

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty & Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.,* 787 F.2d 390, 392 (8th Cir.1986). However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also* 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2739 (1983).

The non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party must set forth specific facts to show that "there is sufficient evidence favoring [it] for a jury to return a verdict for [it]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). As the Supreme Court recently observed, summary judgment is not "a disfavored procedural shortcut" but "an integral part of the Federal rules ... which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 1). Indeed, and if appropriate, summary judgment serves "a salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried." *Lyons v. Board of Education of Charleston,* 523 F.2d 340, 347 (8th Cir. 1975).

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e); *Cummings v. Roberts,* 628 F.2d 1065, 1068 (8th Cir.1980). Krause's affidavit consists largely of legal conclusions which are not based upon his personal knowledge. What few facts he does allege are not in dispute. His affidavit, therefore, is insufficient to oppose defendants' motion.

Moreover, defendants' motion is meritorious on its face. First, upon Krause's arrest and incarceration by the St. John police, his bail was set at $25,000 and he was

**1228**

given an opportunity to post bond. This he simply failed to do.

■ Secondly, with regard to Krause's due process claim, the Court would point out that a parolee has no right to any preliminary revocation hearing—much less to due process considerations—until the *execution* of a parole violation warrant. *D'Amato v. United States Parole Comm'n*, 837 F.2d 72, 76 (2d Cir.1988). While *D'Amato* involved the federal statutory rights of parolees, common sense dictates that a parolee's constitutional rights similarly are not triggered with respect to the parole board and its officers unless and until those parties are responsible for a parolee's loss of liberty. In this case, Kause has not alleged that he was arrested and taken into custody as a result of the execution of a parole violation warrant.

■ Nevertheless, giving Krause the benefit of the doubt, the Court takes note of the exhibits to defendants' motion which indicate that Krause's parole was eventually revoked after a hearing held on October 25, 1988. Assuming that the revocation of Krause's parole may result in some future incarceration even if it is not the direct cause of his current incarceration, the Court has examined the process Krause was accorded in light of the constitutional requirements articulated in *Morrissey v. Brewer*, 408 U.S. 471, 484–90, 92 S.Ct. 2593, 2601–04, 33 L.Ed.2d 484 (1972). The Court finds that those requirements were met in the present case. Krause was arrested on December 10, 1987. On that same date, an initial violation report was filed by parole officer Patricia Bott, accompanied by a recommendation of "delayed action." On December 15, 1987, parole officer Allen Young met with Krause and fully advised him of his rights as an alleged parole violator. Young issued a parole violation warrant on the basis of his interview with Krause, but noted in his report that Krause remained in custody and was not "immediately available to the Board." Finally, at that same meeting, Young offered Krause a preliminary hearing, which offer Krause accepted. Young scheduled the hearing for December 21,

1987. Considering the time of year and the brief lapse of time between Krause's arrest and the preliminary hearing, the Court finds that the hearing was held "as promptly as convenient after arrest." *Morrissey*, 408 U.S. at 485, 92 S.Ct. at 2602. Further, the preliminary hearing was held at the St. Louis County jail, where Krause was being held, thus fulfilling the *Morrissey* requirement that the hearing "be conducted at or reasonably near the place of the alleged parole violation or arrest." *Id.*

The preliminary hearing was conducted by J.R. Gitlin, a "parole officer other than the one who has made the report of parole violations [here, Bott] or has recommended revocation [here, Young]." 408 U.S. at 486, 92 S.Ct. at 2603. Krause appeared at the preliminary hearing and made a statement. Young also testified at the hearing. Gitlin's report indicates that "[o]ther than the pertinent violation reports, there were no documents or letters presented at the hearing as evidence." Krause had been provided copies of the violation reports and made aware of the charges against him prior to the hearing. Gitlin subsequently filed a written summary of the proceedings and his determination that probable cause existed to hold a final revocation hearing. Gitlin, like Young, also indicated that Krause remained in custody at the St. Louis County jail and was, therefore, "unavailable to the Board."

Based on Krause's lack of substantial objection, and in light of the process afforded him by the Board, the Court concludes that defendants' motion for summary judgment should be granted.