# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3511

_____

Jon Mills,                                          *
                                                    *
        Appellant,                    *
                                                    *
     v.                                  *
                                                    *
David White, Warden, Maximum                        *
Security Unit, ADC; Tommy James,                    *
Assistant Warden, Maximum Security                  *
Unit, ADC; - Richardson, Sgt.,                      *
Maximum Security Unit, ADC;                         *
Correctional Medical Services, Inc.                 *   Appeal from the United States
Health Care for Prisoners; Larry D.                 *   District Court for the Eastern
Bowler, Infirmary Doctor, Maximum                   *   District of Arkansas.
Security Unit, ADC; Dedrick Mustitul,               *
Co II, Maximum Security Unit, ADC;                  *   [UNPUBLISHED]
Roland Anderson, Medical                            *
Professional, CMS; Ray Hobbs,                       *
Medial Professional, CMS; Larry May,                *
Assistant Director, Arkansas                        *
Department of Correction; Larry                     *
Norris, Director, Arkansas Department               *
of Correction; Jeremy Adams, Chief                  *
of Security, Maximum Security Unit,                  *
ADC; Barbara Matthews, Sgt.                          *
Maximum Security Unit, ADC; Max                      *
Mobley, Medical Director, ADC; R.                    *
Bailey, Lt., ADC; Brooks, Lt., ADC,                 *
                                                    *
        Appellees.                    *

_____

Submitted: December 22, 2009
Filed:  February 5, 2010

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Jon Mills challenges the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 suit.  After de novo review, *see Franklin v. Local 2 of the Sheet Metal Workers Int'l Ass'n*, 565 F.3d 508, 520 (8th Cir. 2009) (standard of review), we affirm in part and reverse in part.

We find the district court did not abuse its discretion concluding the claims were ripe for summary judgment, *see Robinson v. Terex Corp.*, 439 F.3d 465, 466-67 (8th Cir. 2006); and any deficiencies in appointed counsel's representation are not a basis for relief, *see Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988).  As to the merits, we agree that Mills failed to exhaust his administrative remedies as to his claims regarding a false disciplinary charge and the resulting hearing, as required by 42 U.S.C. § 1997e(a), *see Lyon v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002) (en banc) (§ 1997e(a) does not permit court to consider prisoner's subjective beliefs in determining availability of administrative remedies), but we modify the dismissal of those claims to be without prejudice.

The court also properly dismissed Mills's medical-treatment claims, *see Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (required showing); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004) (corporate liability under § 1983), as well as his claims that he suffered a constitutional violation when he was strip-searched in his cell and was not provided with a form following the

-2-

searches, *see Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (failure to follow state procedural rules does not violate Constitution); *Franklin v. Lockhart*, 883 F.2d 654, 654-57 (8th Cir. 1989) (approving visual body-cavity searches that were justified by security concerns and were conducted in inmate's cell).

The district court erred, however, in granting summary judgment on Mills's claim against defendant Ronald Bailey for subjecting him to strip-searches in the prison yard. Mills was searched in front of other inmates; Bailey was responsible for enforcing the strip-search policy; and we find no evidence in the record as to how long the searches lasted, whether it was feasible to search Mills in a venue that afforded more privacy, and what exactly the search entailed. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (courts must consider scope of intrusion, how search was conducted, justification for search, and where search was conducted); *cf. Franklin*, 883 F.3d at 654-57 (upholding visual body-cavity searches of inmates performed in front of four or five other inmates, but limiting holding to facts of case, including that there was no reasonable alternative to conducting search in area where four or five other inmates could watch due to security risks posed by alternatives); *Franklin v. Lockhart*, 769 F.2d 509, 510-11 (8th Cir. 1985) (per curiam) (reversing summary judgment on inmate's claim that strip-searches violated Fourth Amendment; defendant only produced declaration that searches occurred according to policy to maintain security and prevent flow of contraband, and did not address scope and manner of execution of searches).

Accordingly, we reverse the claim against defendant Bailey as to the searches in the prison yard, and we remand for further factual development as to the scope of the searches and how they were actually conducted. We affirm as to the remaining claims, except that we modify the dismissal of the unexhausted claims to be without prejudice.

_____