**CLARK EQUIPMENT CREDIT CORPORATION, Appellee,**

v.

**The MARTIN LUMBER COMPANY, Appellant.**

**No. 83–2094.**

United States Court of Appeals, Eighth Circuit.

Submitted April 5, 1984.

Decided April 10, 1984.

David M. Powell, Little Rock, Ark., for appellee.

Bill H. Walmsley, Harkey, Walmsley, Belew & Blankenship, Batesville, Ark., for appellant.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

The Martin Lumber Company (Martin) appeals from a final order of the District Court[1] for the Eastern District of Arkansas granting summary judgment in favor of the Clark Equipment Credit Corporation (Clark). For reversal Martin argues that the procedures employed by the district court in granting summary judgment violated Fed.R.Civ.P. 56. For the reason discussed below, we affirm.

Martin leased with an option to buy two forklifts from Clarklift of Southern Missouri, Inc. (Clarklift). Clarklift then sold and assigned its interest in the leases and equipment to Clark. Clark took assignment of these leases in good faith without notice of any claim or defense of Martin.

Martin gave Clark a security interest in the equipment. Martin subsequently brought an action in Arkansas state court against Clarklift and the Clark Equipment Corp. alleging that they had breached their warranties of merchantability and fitness for a particular purpose with respect to the forklifts. During the pendency of this state proceeding, Martin defaulted on its payments under the leases held by Clark. Clark instituted the present diversity action seeking to replevin and sell the two forklifts under the terms of the Uniform Commercial Code.

On April 13, 1983, Clark filed a motion for summary judgment with a supporting affidavit from a Clark vice-president and regional manager. Clark did not, however, file a statement of undisputed material facts in accordance with General Order No. 13 of the United States District Court for the Eastern District of Arkansas.[2] Local Rule 20 of the Eastern and Western Districts of Arkansas required a response to the motion for summary judgment within ten days. Local Rule 20 also provided that the court could extend the time for filing responses for cause shown. Despite these requirements, Martin never filed any responsive pleadings or requested an extension under Fed.R.Civ.P. 56(f) (court may order a continuance for purposes of discovery upon motion of nonmoving party).

During the week of May 23, 1983, the district court set a hearing date of June 3, 1983, on the motion for summary judgment. In preparing for the hearing, the court determined that Clark was entitled to summary judgment and no hearing was necessary. On June 1, 1983, the district court granted Clark's motion for summary judgment. The following day Martin filed a motion to set aside the order granting summary judgment. Martin claimed that it

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

2. General Order No. 13 provides that the party seeking summary judgment must file a short and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried. The nonmoving party must file a similar statement of material facts as to which he contends there is a genuine issue to be tried. All material facts set forth in the moving party's statement are deemed admitted unless controverted by the statement of the opposing party.

had just completed discovery in the state action against Clarklift and Clark Equipment Corp. Martin stated that Clarklift, who assigned its leases to Clark, was not registered to do business in Arkansas, thus rendering the lease agreements void ab initio. *See Pacific National Bank v. Hernreich,* 398 S.W.2d 221, 223, 240 Ark. 114 (1966); Ark.Stat.Ann. § 64–1202 (1980). Furthermore, the annual percentage rates provided for in the leases were allegedly usurious under Arkansas law. For these reasons, Martin argued that the district court should set aside its order granting summary judgment.

The district court refused to grant relief. The court found that Martin failed to allege any factors such as mistake, inadvertence, excusable neglect, or newly discovered evidence warranting relief under Fed.R.Civ.P. 60(b). In addition, Martin failed to address the relevance of his purported Arkansas state law defenses in light of the express terms of the collateral security agreement making Michigan law controlling.

 On appeal Martin challenges the grant of summary judgment on procedural grounds. Martin claims that the district court erred in not conducting a hearing before rendering a decision as provided by Fed.R.Civ.P. 56(c). Martin also argues that the court's decision to forego the hearing scheduled for June 3, 1983, and rule on the motion for summary judgment on June 1, 1983, prematurely cut off by one day Martin's Rule 56 right to serve opposing affidavits at any time "prior to the day of hearing." Because Martin raises this latter issue for the first time on appeal, we decline to consider it. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

We find no error in the district court's granting the motion for summary judgment without a hearing. Fed.R.Civ.P. 56 does not require a hearing in the absence of a prior request. *Shearer v. Homestake Mining Co.,* 727 F.2d 707 (8th Cir.1984). *See Benson v. Matthews,* 554 F.2d 860, 862 (8th Cir.1977) (per curiam); *Anderson v. Viking Pump Division,*

*Houdaille Industries, Inc.,* 545 F.2d 1127, 1129 (8th Cir.1976) (per curiam); *Parish v. Howard,* 459 F.2d 616, 620 (8th Cir.1972) (district court may grant summary judgment without a hearing even if parties have requested a hearing). Martin did not request a hearing until after the court entered its order granting summary judgment.

Accordingly, the judgment of the district court is affirmed.