**James JOHNSON, Appellant,**

v.

**Bill CLINTON, Governor; Steve Clark, Attorney General; A.L. Lockhart, Director of Arkansas Department of Correction; and Willis Sargent, Warden, Cummins Unit, Arkansas Department of Correction, Appellees.**

No. 84–2344.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1985.
Decided May 30, 1985.

nesota.

Gregory T. Jones, Little Rock, Ark., for appellant.

Patty Cherry, Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This is an action brought under 42 U.S.C. § 1983 (1982) by James Johnson, an inmate of the Cummins Unit of the Arkansas Department of Correction. Johnson appeals the District Court's [1] dismissal of his claims that defendants are violating his constitutional rights under the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment. We affirm in part, reverse in part, and remand.

### I. The Due Process Claim

Johnson asserts that the defendants are engaged in a conspiracy to deprive him and other inmates of their liberty without due process by depriving them of the right to earn meritorious good time. We hold that the District Court properly dismissed this claim for lack of merit.

▨ In the first place, Johnson claims only that certain state statutes are not being followed. Such a claim, even if true, is not the equivalent of a violation of federal constitutional rights to due process of law. And in the second place, the claims of violation of state law are plainly without merit. Johnson's inmate classification is "Class IV." Ark.Stat.Ann. § 46–120.3 (Supp.1983) provides that inmates "in Class IV shall not be entitled to earn 'Meritorious Good Time.' " [2] Johnson's contention that the 1973 amendment to § 46–120.3 abolished the "Class IV" classification lacks merit. The 1973 amendment expressly created the "Class IV" classification.[3]

Johnson also argues that by a 1981 amendment to Ark.Stat.Ann. § 46–120.1 (Supp.1983), the Arkansas Legislature entitled all prisoners to earn meritorious good time.[4] However, the 1981 amendment to § 46–120.1 did not alter the express language or the effect of § 46–120.3. Because § 46–120.3 specifically provides that Class IV inmates are not entitled to earn meritorious good time, Johnson has failed to allege a violation even of state law.

### II. The Eighth Amendment Claim

Johnson contends that defendants are subjecting him to cruel and unusual punishment by forcing him to work beyond his physical capacity and by denying him necessary hernia surgery.[5] In his original

---

1. The Hon. William R. Overton, Jr., United States District Judge for the Eastern District of Arkansas.

2. Ark.Stat.Ann. § 46–120.3 (Supp.1983) provides in part:
   There is hereby established a Classification Committee(s).... This committee(s) shall meet as often as necessary to classify the inmates into four (4) classes according to behavior, good discipline, medical condition, and job responsibility. Inmates in Class I shall be allowed to earn thirty (30) days reduction for each month served. Those is Class II shall be allowed to earn twenty (20) days reduction for each month served; those in Class III shall be allowed to earn eight (8) days for each month served; those in Class IV shall not be entitled to earn "Meritorious Good Time."

3. The 1973 amendment, *inter alia,* substituted "four (4) classes" for "three classes" in the second sentence; and the words at the end of the third sentence beginning with "those in Class III" for "and all other inmates who are not in

maximum security will be in Class III and may be allowed a reduction of up to eight (8) days for each month served." See Ark.Stat.Ann. § 46–120.3 (Repl.1977) (Amendments).

4. Prior to the Amendment, § 46–120.1 provided:
   "Meritorious Good Time" shall be awarded under rules and regulations promulgated by the Board, approved by the Governor, and administered by the Commissioner, subject to the provisions of this Act [§§ 46–120—46.120.-5], for good discipline, good behavior, work practices and job responsibilities within the institution. *Provided, no inmate shall earn any Good Time while located in the maximum security facilities of either institution for disciplinary purposes.* (Emphasis added.)
   By amendment in 1981, the final sentence was deleted, and certain other word substitutions were made which are not pertinent here.

5. Johnson contends that if he refuses to work, he will receive a disciplinary, and that any appeal from such disciplinary would be futile because Warden Sargent summarily affirms the

complaint, Johnson asserted that in December of 1983, he fell and suffered a hernia, which causes him much pain and limits his capacity to perform the building-utility work to which he is assigned. Johnson also alleged that he was being forced to work beyond his physical capacity. After noting that these allegations might state a claim for relief under § 1983, the District Court dismissed this claim as vague and conclusory but suggested that Johnson file a new, more specific claim, naming the persons directly responsible for forcing him to work beyond his capacity.

After the action was dismissed, Johnson filed a "motion of objection" which the District Court treated as a motion to alter or amend the judgment and denied. In his motion, Johnson expanded his claim, alleging that his hernia requires surgery which Warden Sargent will not approve. Johnson further asserted that he filed a grievance alleging that being forced to work beyond his physical capacity was endangering his life, and that the grievance was denied by Warden Sargent. Johnson contends these actions demonstrate the deliberate indifference of Warden Sargent to his serious medical needs.

■ After reviewing the original complaint and the "motion of objection," we conclude that Johnson alleged sufficient facts to state a claim under § 1983 against Warden Sargent. Therefore, we reverse on this portion of the case.

There are circumstances in which prison work requirements constitute cruel and unusual punishment. *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977) (per curiam). "[F]or prison officials knowingly to compel convicts to perform physical labor ... which constitutes a danger to their ... health, or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eighth Amendment...." *Id.* (quoting *Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D.Ark.1965) ). Further, "deliberate indifference to serious

medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (citation omitted). In light of these holdings, we conclude that Johnson's claim should not have been dismissed. Accordingly, we remand this claim to the District Court for further consideration. Pro se pleadings are to be read with liberality, and their allegations given every reasonable indulgence.

The remand, however, will relate only to the claim against defendant Sargent, Warden of the Cummins Unit, in which Johnson was confined when he filed his pleadings. The allegations as to the other three defendants, Governor Clinton, Attorney General Clark, and A.L. Lockhart, Director of the Department of Correction, are not sufficient to charge them with any personal involvement in Johnson's case, even when read liberally, and even when amplified by plaintiff's "motion of objection." As to these three defendants, the judgment of dismissal is affirmed.

We are indebted to appointed counsel for their effective services in this Court. On remand, the District Court should seriously consider appointing counsel for plaintiff to handle the further proceedings before it. See *Hahn v. McLey*, 737 F.2d 771, 774 (8th Cir.1984) (per curiam).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

decisions of the Disciplinary Committee. Because Johnson offers no facts to support this conclusory allegation regarding the processing of appeals from the Disciplinary Committee, he fails in this respect to state a claim for which relief might be granted.