**David Wayne GIVENS, Appellee,**

v.

**Jimmy JONES, Terry Morris, Zak A. Ajans, M.D., Frederick Stephenson, Jr., Georgia Slater, and Denny Vasquez, Appellants.**

No. 89–1517.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided April 9, 1990.

John Simon, Jefferson City, Mo., for appellants.

Scot J. Seabaugh, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

David Wayne Givens, a former inmate at the Missouri Training Center for Men, filed this suit based on 42 U.S.C. § 1983 against various employees and officials of the prison asserting in fifteen counts that the defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. The district court granted the defendants' motions for summary judgment on all but three claims. The defendants named in the remaining three claims now appeal the district court's denial of their motions for summary judgment. They argue that they are shielded by qualified immunity as to those claims. We agree, and thus reverse the district court's denial of summary judgment.

## I. BACKGROUND

The facts surrounding the three remaining claims are as follows. Givens first claims that Dr. Zak Ajans, a prison psychiatrist, prescribed a medication called Cogentin for him after Givens had told him that he was allergic to Cogentin. Givens claims that as a result of ingesting the Cogentin he suffered tremors and seizures. Dr. Ajans admitted that he prescribed Cogentin for Givens. He stated in a deposition that Cogentin is a medication that is often prescribed along with psychotropic medications in order to reduce the adverse side effects brought on by the psychotropic medication. He claims that he prescribed Cogentin along with certain psychotropic drugs because he had been advised by a clinical psychologist that Givens was exhibiting signs of paranoia. Dr. Ajans admitted that prior to prescribing Cogentin, Givens had told him that he believed he was allergic to many medications, one of which was Cogentin.

In the second remaining claim, Givens alleges that Superintendent Terry Morris and correctional officers Frederick Stephenson, Georgia Slater, and Denny Vasquez violated his Eighth Amendment rights by denying him adequate medical treatment when he complained of leg pain. Givens claims that he told the defendants that he was experiencing leg pain in November 1985 but was not taken to see a doctor until January 1986. Even when he was taken to a doctor, Givens claims, he was not given any medication for the pain.

Finally, Givens claims that Morris and Assistant Superintendent Jimmy Jones violated his Eighth Amendment rights by subjecting him to loud noise and fumes for eight hours per day for approximately three weeks in the fall of 1985 while renovation work was being done in the area where Givens was housed. Givens claims that because of his exposure to the noise and fumes he suffered migraine headaches. The defendants admit that renovation work was done in Givens' unit at that time; the work included installation of sink-commode facilities, replacement of locks, and welding of screens to the windows and doors of cells. The defendants claim that no other inmates filed grievances about the noise and fumes. Further, the defendants assert that the inmates affected by the renovation work could not have been temporarily housed in other areas without jeopardizing the security of the prison and the safety of the protective custody inmates.

## II. DISCUSSION

██ At the outset, we note that this court has jurisdiction to hear this appeal even though the district court has not yet rendered a final judgment. In *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."

██ The standard we must apply in deciding whether the defendants are entitled to qualified immunity is well established. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (citations and footnote omitted). The Supreme Court has made clear that a plaintiff cannot defeat an official's claim of qualified immunity "simply by alleging violation of extremely abstract rights." *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). There must be a "particularized" showing that "a reasonable official would understand that what he is doing violates that right." *Id.* at 640, 107 S.Ct. at 3040. *See also Runge v. Dove,* 857 F.2d 469, 472 (8th Cir.1988). Further, although the test for qualified immunity is an objective one, it is proper for a court to consider the particular circumstances of an official's actions. *See Anderson,* 483 U.S. at 641, 107 S.Ct. at 3041 (determination of whether it was objectively legally reasonable to conclude that a particular search was supported by probable cause requires taking into consideration the information possessed by the searching officials); *Coffman v. Trickey,* 884 F.2d 1057, 1063 (8th Cir.1989) (considering the particular information upon which the official acted "is not to be confused with a review of the official's subjective intent"), *petition for cert. filed,* 58 U.S.L.W. 3454 (U.S. Nov. 29, 1989) (No. 89–865).

■ The right that Givens claims was violated by the defendants in this case is his right under the Eighth Amendment to be free from cruel and unusual punishment. This constitutional guarantee does not protect against mere acts of negligence on the part of prison officials and employees. The Supreme Court has stated that the Eighth Amendment forbids the " 'unnecessary and wanton infliction of pain.' " *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct

prohibited by the Cruel and Unusual Punishments Clause...." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (decided before the events at issue in this case but based on the Court's 1976 decision in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

In the context of a prisoner's claim of inadequate medical care, the Court, applying the above principles, has held that to show an Eighth Amendment violation a prisoner must demonstrate more than medical negligence; he or she must show that the prison employee's conduct constituted "deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 104, 97 S.Ct. at 291.

Thus, in this case we must decide whether at the time the defendants committed the acts complained of it was clearly established that what they did—prescribing the Cogentin after Givens' warning, ignoring Givens' complaints of leg pain, and subjecting Givens to noise and fumes—amounted to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. More specifically, regarding Givens' claims of inadequate medical care, the issue is whether it was clearly established that the defendants' conduct constituted deliberate indifference to Givens' serious medical needs.

■ Applying these principles, we believe that the defendants are entitled to qualified immunity in this case. We think that Dr. Ajans is protected by qualified immunity because he reasonably could have believed that he was not violating Givens' constitutional rights by prescribing Cogentin even after Givens claimed to be allergic to it. Certainly physicians do not, and should not, necessarily accept as true the medical judgments offered by their patients. They must make treatment decisions on the basis of a multitude of factors, only one of which is the patient's input. Dr. Ajans claims that he ordered a change in Givens' medication, including the addition of Cogentin, after he was advised by a clinical psychologist that Givens was exhib-

iting signs of paranoia. Givens does not dispute that Dr. Ajans ordered the Cogentin on the basis of the psychologist's report. *See* Deposition of David W. Givens at 13–15, Joint Appendix at 307–09. Givens appears only to disagree with Ajans' apparent conclusion that the possible adverse effects of the drug were outweighed by its benefits.

At the time that Ajans prescribed the Cogentin, Givens had a clearly established constitutional right to be free from deliberate indifference to his serious medical needs. However, the law was (and still is) clear that medical negligence or disagreement with a physician's treatment decisions does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06, 97 S.Ct. at 291–92; *Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir.1981). We cannot conclude that in mid–1985 it was clearly established that making a treatment decision over a patient's objection and causing injury thereby established an Eighth Amendment case. The cases in this circuit at that time which found deliberate indifference on the part of prison officials involved conduct that was significantly more egregious than that allegedly exhibited by Dr. Ajans in this case. *See, e.g., Johnson v. Clinton*, 763 F.2d 326, 328 (8th Cir.1985) (plaintiff claimed that being forced to work beyond his physical capacity caused severe pain and endangered his life); *Mullen v. Smith*, 738 F.2d 317, 318–19 (8th Cir.1984) (plaintiff in severe pain and unable to walk, fell to the floor, and was subjected to verbal abuse); *Kelsey v. Ewing*, 652 F.2d 4, 5–6 (8th Cir.1981) (allegation that prison officials, among other things, ignored post-surgery bleeding, denied prisoner medically prescribed diet, and delayed certain medical treatments for several years); *Cummings v. Roberts*, 628 F.2d 1065, 1068 (8th Cir. 1980) (bedridden plaintiff was denied wheelchair or other assistance, was incapable of cleaning himself, and was forced to crawl on the floor).

In light of Givens' expressed belief that he was allergic to Cogentin, Dr. Ajans may have committed negligence by prescribing the drug. But we do not believe that it was clearly established at that time that prescribing the Cogentin under these circumstances amounted to deliberate indifference to Givens' serious medical needs. Thus, we reverse the district court's judgment and dismiss the claim against Dr. Ajans on the basis of qualified immunity.

■ We turn to Givens' claim that defendants Morris, Skinner, Stephenson, and Vasquez inflicted cruel and unusual punishment upon him by denying him medical treatment when he complained of leg pain in November 1985. We do not believe that it was clearly established in 1985 that what the defendants did amounted to deliberate indifference to serious medical needs. Givens has never alleged that his condition was acute or for any other reason required immediate attention, nor that the delay in treatment aggravated his condition. He admits that he received medical attention approximately one month after complaining. Without any allegation that the defendants ignored an acute or escalating situation involving a serious medical condition, we cannot conclude that a one-month delay in providing treatment for leg pain clearly amounted to deliberate indifference to a serious medical need.

■ Givens claims that these defendants were also liable because when he finally did receive medical attention, the treating doctor did not prescribe medication to relieve the pain. Givens, however, has not sued that doctor. He apparently is attempting to hold Morris, Skinner, Stephenson, and Vasquez liable for the acts of another person. To the extent that Givens attempts in this regard to place liability on these defendants on the basis of respondeat superior, his claim clearly is without merit. It is well settled that respondeat superior cannot be the basis of liability in a § 1983 action. *Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir.1989).

We reverse the district court's judgment that Morris, Skinner, Stephenson, and Vasquez were not entitled to qualified immunity. Givens has not alleged facts that demonstrate that these defendants violated clearly established rights by causing a delay in his medical treatment.

Finally, Givens claims that defendants Morris and Jones inflicted cruel and unusual punishment upon him by allowing remodeling to continue in the area where he was housed after he notified Morris and Jones that the noise and fumes were giving him migraine headaches. As stated above, prison conditions can amount to an Eighth Amendment violation where the conditions cause injury and are the result of obduracy and wantonness. *Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084. Disturbing prison conditions that came about by inadvertence or error in good faith, however, do not constitute constitutional violations, even though the conditions may involve the infliction of discomfort and pain. *Id.* Remodeling and upkeep of institutions and buildings, in and out of prison, is a fact of life that must be faced by most individuals. Givens' complaint on its face appears almost specious. As further noted in *Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084, "[t]he infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." The plaintiff must show that the defendants were deliberately indifferent to his constitutional rights or that they acted with reckless disregard of those rights. *Martin v. White*, 742 F.2d 469, 474 (8th Cir.1984). This Givens has failed to do.

We hold that Givens has not alleged conduct on the part of Morris or Jones that rose to the level of a constitutional violation. Givens has not claimed that the noise and fumes were the result of malicious intent or even reckless disregard for his well being. He acknowledged that the noise and fumes were caused by a legitimate renovation process in the area where he was housed. Further, he admitted that the work was done only eight hours per day; thus, he was not deprived of sleep or constantly subjected to the disturbance. As stated earlier, when considering whether qualified immunity applies we can and should consider the circumstances surrounding the official's action. *See*

*Anderson*, 483 U.S. at 641, 107 S.Ct. at 3041. Thus, in this context we take into account the undisputed fact that Morris and Jones did not receive grievances about the noise and fumes from other inmates affected by it. This buttresses our conclusion that Morris and Jones could reasonably have believed that the noise and fumes were not so excessive as to constitute an Eighth Amendment violation.

We hold that Morris and Jones are entitled to qualified immunity on Givens' claim that they subjected him to excessive noise and fumes in violation of the Eighth Amendment.

## III.  CONCLUSION

In sum, we reverse the district court's judgment that defendants Ajans, Morris, Jones, Skinner, Stephenson, and Vasquez were not entitled to qualified immunity. We believe that it was not clearly established at the time of these incidents that the defendants' actions amounted to cruel and unusual punishment forbidden by the Eighth Amendment. Givens' claims against these defendants are thus dismissed.