Wesley TAYLOR, Appellee,

v.

Richard K. BOWERS, Carl Doerhoff, Kent Grewe, Appellants.

Maryland Butts, Helen Farr, Loren Stout.

No. 90–2539.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1992.

Decided June 10, 1992.

Rehearing Granted in Part, Opinion Modified and Rehearing En Banc Denied July 31, 1992.

Gary L. Gardner, Jefferson City, Mo., argued, for appellants.

William A. Frerking, Kansas City, Mo., argued, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

## I. INTRODUCTION

Appellants Richard K. Bowers, D.O., Kent Grewe, M.D., and Carl R. Doerhoff, M.D., each of whom is sued individually and in his official capacity as an employee of the Missouri Department of Corrections and Human Resources, appeal from the district court's denial of their motion for summary judgment on appellee Wesley Taylor's claims under 42 U.S.C. § 1983 (1988). On appeal, they allege: (1) they are entitled to summary judgment on the basis of qualified immunity and (2) the eleventh amendment bars Taylor's state law malpractice claims. We conclude that summary judgment is appropriate for Grewe and Doerhoff, who are entitled to qualified immunity, but not for Bowers. Accordingly, we affirm in part and reverse in part.

## II. BACKGROUND

Wesley Taylor is an inmate at the Missouri State Penitentiary [MSP] in Jefferson City, Missouri. He alleges that in the early morning of February 1, 1987, he experienced stomach pains and vomited blood. Taylor reported to the MSP hospital at approximately 1:00 p.m., where he was examined by Dr. Kent Grewe. Taylor alleges that he told Grewe that he had repeatedly thrown up blood and experienced a severe burning pain in his stomach. Taylor also alleges that Grewe questioned him about drug ingestion, which Taylor denied.

After an examination, Grewe concluded that Taylor had a small bowel obstruction. Grewe admitted Taylor to the MSP hospital for observation. Taylor alleges that he continued to experience severe pain and vomit blood. In the evening of February 2, Taylor alleges, a (non-defendant) doctor recommended the transfer of Taylor to the University of Missouri–Columbia Medical Center "ASAP." This transfer failed to materialize until two weeks later.

Taylor alleges that on February 2 or 3, nurse Karen Zumwalt told him that Doctors Grewe and Bowers suspected that he had swallowed drug-filled balloons. Zumwalt also indicated, according to Taylor, that nothing would be done for him until he confessed to swallowing the balloons. Taylor denied the accusations.

Taylor alleges that he continued to experience great pain and vomit repeatedly. On February 4, after allegedly being subjected to repeated questioning by nurses and doctors about the drug-laden balloons, Dr. Doerhoff performed exploratory surgery. Doerhoff found that Taylor's appendix had ruptured. Doerhoff removed the appendix and treated Taylor.

Taylor alleges that he continued to experience stomach pains and vomiting after the surgery. He was transferred to the University of Missouri–Columbia Hospital on February 16. Doctors performed a second surgery to drain an abscess. Taylor alleges that Doerhoff's improper treatment necessitated the second surgery.[1]

Taylor sued Grewe, Doerhoff and Bowers under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state negligence law. In his section 1983 claim, set forth in count I, he alleged that the defendants had been deliberately indifferent to his serious medical needs. In his section 1985 claim (count II), he alleged that the defendants conspired to deprive him of urgently needed medical treatment in violation of his rights under the fourteenth amendment and section 1983. Count III set forth the bases for Taylor's negligence claims against Grewe, Bowers and Doerhoff.

The defendants moved for summary judgment on counts I and II, raising the defense of qualified immunity. They also moved to dismiss the negligence count for lack of jurisdiction. After reviewing the depositions, suggestions and affidavits submitted by the parties, the Magistrate Judge

---

1. The preceding overview represents a summary of the factual allegations before the district court at the summary judgment phase. We will elaborate upon the facts established by the record as necessary to dispose of Taylor's arguments on appeal.

concluded that a dispute over material facts precluded the entry of summary judgment. Specifically, the Magistrate Judge relied upon the affidavit of Dr. Glenn A. Barr, which stated that Taylor did not receive necessary medical care. Barr also stated that the deficiency of the pre- and post-operative care damaged Taylor.[2] App. 464–65. After de novo review of the record, the district court denied the defendants' summary judgment motion. App. 471. This appeal followed.

## III. DISCUSSION

■ As a preliminary matter, we note that we have jurisdiction to hear this appeal even though the district court has not yet rendered a final judgment. To the extent that a district court's denial of a claim of qualified immunity turns upon an issue of law, the denial is an appealable final decision within the meaning of 28 U.S.C. § 1291 (1988), notwithstanding the absence of a final judgment. *Johnson v. Hay*, 931 F.2d 456, 459 (8th Cir.1991) [*Hay*] (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985)); *Givens v. Jones*, 900 F.2d 1229, 1231 (8th Cir.1990) (citing 472 U.S. at 530, 105 S.Ct. at 2817). Even when an appeal from the denial of summary judgment implicates fact-based issues, we have held that we have jurisdiction when the record fails to establish a triable issue of fact and can be decided as a matter of law, *Hay*, 931 F.2d at 460 (citing *Wright v. South Arkansas Regional Health Ctr., Inc.*, 800 F.2d 199, 203 (8th Cir.1986)) or when the appeal presents the largely legal question of whether an official's acts violate clearly established law of which a reasonable person would have known. *Id.* We thus have jurisdiction over the instant appeal.

The case law that governs whether the defendants are entitled to a qualified immunity defense is well established. *See, e.g., Givens*, 900 F.2d at 1231. Government officials are shielded from liability under section 1983 for the performance of discretionary functions "insofar as their conduct

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (citations and footnote omitted). "Clearly established" law, the Supreme Court has explained, means "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

■ The burden on the section 1983 plaintiff at the summary judgment phase is also well defined. When the plaintiff fails to allege a violation of clearly established law, "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815 (citing *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738). Even when the plaintiff competently alleges the commission of acts that violate clearly established law, "the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Id.; see also Hay*, 931 F.2d at 460 (defendant entitled to summary judgment if discovery failed to uncover sufficient evidence to create a genuine issue as to whether his conduct violated clearly established law); *Johnson v. Boreani*, 946 F.2d 67, 70 (8th Cir.1991) [*Boreani*] (same).

We review the district court's denial of summary judgment de novo, applying the same standard the district court invoked to decide the motion. *Hay*, 931 F.2d at 460. Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). We view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Hay*, 931 F.2d at 460 (citation omitted).

■ Taylor seeks to recover via section 1983 under the eighth amendment,

---

**2.** Counsel for Taylor conceded at oral argument that Barr is not qualified as an expert in prison treatment.

which prohibits cruel and unusual punishment. Cruel and unusual punishment constitutes the " 'unnecessary and wanton infliction of pain.' " *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976) (joint opinion)). In order to demonstrate an eighth amendment violation upon the basis of inadequate medical care, a prisoner must allege acts or omissions that reveal "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 104, 106, 97 S.Ct. at 291, 292. A physician's mere negligent failure to diagnose or treat a condition fails to state a valid claim of mistreatment under the eighth amendment. *E.g., id.* at 105–06, 97 S.Ct. at 291–92; *Givens*, 900 F.2d at 1231.

■ Taylor essentially alleges that the defendants withheld medical treatment in order to coerce him into confessing that he ingested drug-filled balloons. At the time in question, February 1987, the law in this circuit was "clearly established" within the meaning of *Harlow*. 457 U.S. at 818, 102 S.Ct. at 2738. This court had repeatedly held that a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment failed to rise to the level of a constitutional violation. *E.g., Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir.1981) (citations omitted); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir.1985) (citation omitted). Nor was an alleged delay in the receipt of medical treatment sufficient to state a claim of deliberate indifference in and of itself. *Compare Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir.1984) (county sheriff allegedly delayed prisoner's access to dental care for three weeks to compel payment of bill for earlier dental services) *with Mills v. Smith*, 656 F.2d 337, 340 (8th Cir.1981) (record failed to support prisoner's allegations that officials said he could go to the hospital only after he made a statement favorable to the police officer who accidentally shot him). An allegation of deliberate indifference to an inmate's need for surgery, however, was sufficient to state a section 1983 claim. *See, e.g., Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir.1986) (prison nurse and doctor allegedly ignored inmate request for treatment of gallstones, making surgery to remove gallbladder necessary) (citations omitted); *Johnson v. Clinton*, 763 F.2d 326, 328 (8th Cir.1985) (warden allegedly refused to approve necessary hernia operation and assigned inmate to excess work detail); *Cotton v. Hutto*, 540 F.2d 412, 415 (8th Cir.1976) (prison official allegedly refused to grant request for hernia operation). Thus, a reasonable prison official in February 1987 would have understood that deliberate indifference to an inmate's need for surgery for a ruptured appendix violated clearly established eighth amendment law.

■ Taylor's basic allegation would be sufficient, we believe, to state a violation of clearly established eighth amendment law. If Grewe, Doerhoff and Bowers are to succeed with their defense of qualified immunity, therefore, it must be for the second reason set forth in *Mitchell:* Taylor's failure to uncover sufficient evidence to create a genuine issue as to whether the defendants committed the allegedly unlawful acts. 472 U.S. at 526, 105 S.Ct. at 2815. As for Grewe and Doerhoff, we conclude that this is the case.

A. Grewe

The appellants contend that Dr. Grewe neither knew nor should have known that his conduct on February 1, 1987 violated Taylor's constitutional right to treatment of a serious medical condition. Appellants' Br. at 16. Nor does the evidence support an inference that Grewe withheld treatment in order to coerce a confession about drug-filled balloons. *Id.* at 17. Taylor asserts that the evidence permits an inference that (1) Grewe knew or should have known that Taylor was admitted with pain and nausea; (2) Taylor was dehydrated and vomiting blood; (3) Taylor's serious condition required an immediate surgical consult; and (4) Taylor was under suspicion for swallowing contraband. Appellee's Br. at 13.

In his deposition, Grewe stated that Taylor "exhibited a generalized fairly nonspecific-type of abdominal pain." App. 59. Grewe found that Taylor had no "rebound tenderness," a common symptom of an inflamed appendix. *Id.* at 62, 64–65. Taylor had a normal white blood count, a normal

bowel movement and no nausea or vomiting. *Id.* at 69.

After completing a physical examination and reviewing lab results and x-rays, Grewe concluded that Taylor suffered from abdominal pain of unknown etiology. *Id.* at 61. He decided to err "on the conservative side" and had Taylor admitted to the hospital for observation. *Id.* at 60–61, 66. Neither Taylor nor anyone else told Grewe that the inmate had vomited blood. *Id.* at 69. Nor do Grewe's clinical notes from the February 1 examination make any mention of contraband or vomiting blood. *Id.* at 128. The nurses who knew about the balloon rumors do not indicate that Grewe had any knowledge of the suspicions lodged against Taylor.

After reviewing the record as a whole and drawing all inferences in favor of the non-moving party, we find no support for Taylor's allegations that Grewe was deliberately indifferent to his serious medical needs. Taylor has failed to produce sufficient evidence to create a genuine issue that Grewe deliberately withheld treatment in order to secure a confession about drug use. On the contrary, the evidence suggests that Grewe engaged in a properly conservative course of medical treatment. If generally construed as a claim of negligence against Grewe for failure to diagnose and treat his ruptured appendix, Taylor's claim fails as negligence is not actionable under section 1983. *Estelle*, 429 U.S. at 105–06, 97 S.Ct. at 291–92; *Givens*, 900 F.2d at 1231. Accordingly, we hold that Grewe is entitled to summary judgment on the basis of qualified immunity. *See Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815; *Hay*, 931 F.2d at 460.

### B. Doerhoff

■ Appellants maintain that Dr. Doerhoff neither knew nor should have known that his conduct violated Taylor's right to treatment for a serious medical need. Even if Doerhoff were aware that prison officials suspected that Taylor swallowed drug-filled balloons, Taylor produced no evidence to suggest that Doerhoff's surgical and post-operative treatment rose to the level of deliberate indifference. Appellants' Br. at 20–21. Taylor responds that a reasonable jury could conclude that Doer-

hoff knew or should have known that he continued to experience pain after the surgery due to an abscess. Appellee's Br. at 14–15.

Dr. Doerhoff stated in his deposition that unlike most appendicitis patients, Taylor lacked a high white blood count and a rigid abdomen. App. 323. Doerhoff initially concluded, before surgery, that Taylor had a small bowel obstruction. *Id.* at 109. After making an incision and discovering pus throughout the abdomen, Doerhoff removed the appendix and inserted drains. *Id.* at 111. He prescribed pain medication and antibiotics. *Id.* at 325, 333. Doerhoff stated that Taylor received the identical care as his patients in private practice and that there was "no delay" in surgery considering Taylor's symptoms, white blood count and temperature. *Id.* at 333.

Doerhoff indicated that the possibility that Taylor had swallowed contraband was properly part of the "differential diagnosis." *Id.* at 334. He stated that "[w]e have patients swallowing lots of things [in the prison], and contraband is very common." *Id.* Nowhere does the record support Taylor's allegation, however, that Doerhoff delayed surgery in order to secure a confession. Nor does deposition testimony, even when viewed in the light most favorable to Taylor, create a genuine issue that Doerhoff intentionally provided defective post-operative treatment. The affidavit of Dr. Glenn A. Barr, upon which the Magistrate Judge relied to recommend against the grant of summary judgment, merely creates an inference of negligence upon the part of all the defendants. *Id.* at 229–32. Accordingly, Taylor has failed to uncover sufficient evidence of deliberate indifference and Doerhoff is entitled to summary judgment upon the basis of qualified immunity. *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815; *Hay*, 931 F.2d at 460.

### C. Bowers

■ Appellants assert that Dr. Bowers neither knew nor should have known that his conduct violated Taylor's right to treatment of a serious medical condition. Although Bowers concedes that he questioned Taylor about ingestion of contraband, he maintains that the only reasonable inference that can be drawn from this evi-

dence is that Bowers attempted to treat a small bowel obstruction by inserting a nasogastric tube. Appellants' Br. at 25–26. Taylor contends that a reasonable jury could conclude, on the basis of Bowers's conduct as a whole, that his treatment rose to the level of deliberate indifference to a serious medical need. Appellee's Br. at 13–14.

Dr. Bowers stated in his deposition that he received information around noon on February 3, 1987 that Taylor might have swallowed a balloon. App. 72. His phone log confirms this contention. *Id.* at 85. Bowers stated that he went to speak with Taylor a few hours later to "try to get him to cooperate with the [nasogastric] tube" and to "tell us truthfully what had happened with the balloon." *Id.* at 77. He indicated to Taylor, "if we knew it was a balloon, that would help us to get to the cause of the problem sooner." *Id.* at 102. On Taylor's MSP hospital progress report, Bowers noted the following:

P[atien]t denies swallowing anything. In mild to mod[erate] distress [with] hiccups. Abd[ominal] x ray shows gaseous dilation et [sic] air fluid levels. Explained this to p[atien]t as well as why we need to know what has happened et [sic] why he needs to follow instructions. *Explained consequences.*

*Id.* at 128 (emphasis added).

Bowers denied that he withheld treatment in order to coerce Taylor to admit that he swallowed a drug balloon. *Id.* at 102. Bowers asserted that he would have called a surgeon sooner had Taylor cooperated by keeping the nasogastric tube in place. *Id.* at 88, 98. Bowers also conceded that if he had not believed Taylor's denials, he "might have called a surgeon a little bit sooner." *Id.* at 103.

After reviewing the record as a whole, we conclude that Taylor produced sufficient evidence to create a genuine issue as to whether Bowers intentionally prolonged surgical intervention in order to prompt the inmate to confess that he swallowed a

drug-filled balloon. Bowers's conversation with the patient, his deposition testimony, and his notations in the patient's progress report create an issue that Bowers violated clearly established law. Accordingly, Bowers is not entitled to qualified immunity. *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815; *Hay*, 931 F.2d at 460. We affirm the denial of summary judgment with respect to Dr. Bowers only. Our affirmance does not in any way indicate any view, however, of the validity of the prisoner's case against Bowers.

We need not discuss extensively appellants' second claim of error, which relates to an alleged eleventh amendment bar to Taylor's state law negligence claims. Appellants allege that the eleventh amendment bars Taylor from seeking monetary relief from Bowers because the state is the real party in interest. We believe that the appellants misread the applicable law.[3]

▆▆▆▆ Taylor sued Bowers for damages in his official and individual capacity, alleging violations of the United States Constitution and state law. The eleventh amendment does not prohibit a suit for damages against a state officer in his individual capacity. *De Young v. Patten*, 898 F.2d 628, 635 (8th Cir.1990); *Nix v. Norman*, 879 F.2d 429, 432–33 & n. 3 (8th Cir.1989). Nor does the eleventh amendment shield Bowers from liability in his official capacity for acts which violate the United States Constitution. *Norman*, 879 F.2d at 432 (citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). Accordingly, no jurisdictional bar precludes us from remanding to the district court.

## IV. CONCLUSION

We reverse the denial of summary judgment on behalf of Doctors Grewe and Doerhoff, who are entitled to qualified immunity on the section 1983 claim. We affirm the denial of summary judgment with respect to Dr. Bowers and remand for trial. We remand the negligence claim against Grewe and Doerhoff to the district court.[4]

---

**3.** *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 117, 104 S.Ct. 900, 917, 79 L.Ed.2d 67 (1984) holds that the eleventh amendment proscribes a federal suit against state officials on the basis of state law when the

sought-after relief would have a direct impact on the state.

**4.** Initially, the complaint alleged section 1983 and negligence claims against all three defen-

Order.

July 31, 1992.

The suggestion for rehearing en banc is denied.

Appellee's petition for rehearing to the panel is granted in part. The panel opinion is modified as to point 4 raised by appellee Wesley Taylor: "Dismissal of a state law negligence claim on the merits is not appropriate where the Court grants summary judgment on claims under 42 U.S.C. § 1983 because state substantive law is controlling on the pendent claim."

Pages 15 and 16 of the original panel opinion filed June 10, 1992 are substituted with the attached pages 15 and 16. All other contentions raised by appellee are rejected.

Judge Loken would deny the appellee's petition for rehearing in its entirety.

dants. The section 1983 and negligence claims remain against Bowers alone. With respect to the negligence claims, we do not address whether defendants Grewe and Doerhoff remain in the lawsuit as pendent parties to the civil rights claim against Bowers. We refer the parties and the district court to the following cases, which may be pertinent. *E.g., Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989); *Sarmiento v. Texas Bd. of Veterinary Medical Examiners,* 939 F.2d 1242, 1248 (5th Cir.1991); *Ortega v. Schramm,* 922 F.2d 684, 690–93 (11th Cir.1991); *Stallworth v. City of Cleveland,* 893 F.2d 830, 838 (6th Cir.1990); *Rodriguez v. Comas,* 888 F.2d 899, 904 (1st Cir. 1989); *see also Lockard v. Missouri Pacific R. Co.,* 894 F.2d 299 (8th Cir.1990) (pendent party jurisdiction not authorized by FELA).