991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Arthur TOLER, Appellant,
v.
Stephen REEVES, Superintendent; Dan Plautz, Doctor; Hossein
Mojdehi, Doctor; Peterson, Psychologist; Liz
Shallenberger; Aleace Dungan,
Caseworker; John Cameron,
Psychologist, Appellees.
 No. 92-3456.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 5, 1993.
Filed: April 13, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arthur Toler, a Missouri inmate, appeals from the district court's[1] grant of summary judgment in favor of defendant prison officials in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Toler filed this action against John Cameron, chief psychologist for the Department of Corrections, and several employees of Fulton State Hospital (Fulton): superintendent Stephen Reeves, Dr. Dan Plautz, Dr. Hossein Mojdehi, Dr. J. C. Peters, psychologist Liz Shallenberger, and social worker Aleace Dungan. Toler alleged that, during his six-day stay at Fulton for evaluation of his suicidal ideations and auditory hallucinations, defendants denied him medical treatment and inflicted cruel and unusual punishment. He sought damages.
 
 
 3
 The defendants moved for summary judgment on the basis of several affidavits and exhibits. Toler responded, but he did not submit any affidavits or exhibits. The district court entered summary judgment in favor of defendants. Toler appealed.
 
 
 4
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Defendants' evidence established that they did not deny Toler treatment nor were they deliberately indifferent to a serious medical need. Defendants placed Toler on Haldol, gradually replaced the Haldol with Obecalp, a placebo, and noticed no change in his condition. Thus, they concluded an involuntary ninety-day civil commitment was unwarranted because Toler was not dangerous to himself or others because of mental illness. Defendants' evidence further suggested that they did not deny Toler medication upon his return to prison and that they did not inflict cruel and unusual punishment during Toler's stay in seclusion for suicide alert. Defendants were giving Toler Obecalp instead of Haldol at the time of his release from Fulton, and they properly placed Toler in seclusion without clothing as a suicide precaution. Toler received four blankets when he complained of being cold.
 
 
 5
 Toler failed to rebut defendants' evidence. Toler did not offer any controverting affidavits or evidence from which a reasonable jury could return a verdict in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986). We cannot consider Toler's newly submitted exhibits. See Dakota Indus., Inc. v. Dakota Sportswear, Inc., No. 92-1656, slip op. at 3 (8th Cir. Mar. 12, 1993) (appellate court cannot consider evidence that was not presented to district court unless justice requires it). Reliance on the allegations in his pleadings was insufficient to raise a genuine issue of material fact. See Green v. St. Louis Hous. Auth., 911 F.2d 65, 68 (8th Cir. 1990).
 
 
 6
 We conclude the district court properly entered summary judgment in favor of Reeves and Cameron. Toler did not allege that they were personally involved in or had direct responsibility for the incidents in question, and he is apparently attempting to hold them liable in their supervisory capacities. See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990) (section 1983 claims cannot be based on respondeat superior). We do not consider Toler's numerous new arguments because they are raised for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). We deny Toler's motion for leave to file exhibit A and motion for injunctive relief.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri