5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Ronnie BARR, Appellant,
v.
Paul DELO; Les Semar; James Reed; Dan Montgomery; Tyrone
Frazier; Charles Harris; Jerry Pulliam; Ralph
Nichols; Lonnie Salts, Lt.; Michael
Bowersox, Appellees.
 No. 93-1064.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: September 17, 1993.
 
 Before MAGILL, Circuit Judge, LAY and BRIGHT, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronnie Barr (Barr) filed this suit based upon 42 U.S.C. Sec. 1983 against various officials of the Potosi Correctional Center (PCC) asserting violations of his rights under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The district court[1] granted an order for summary judgment dismissing all claims against the defendants/appellees. Barr appeals two portions of the district court's order. First, Barr contends that the district court erred when it found that a delay of seven days before Barr was treated for his hemorrhoid condition did not constitute cruel and unusual punishment in violation of the Eighth Amendment. Further, Barr contends that the district court erred when it found that his constitutional rights were not violated when prison officials denied him visitation rights. For the reasons discussed below, we affirm.
 
 I. BACKGROUND
 
 2
 Barr, an inmate at the PCC, was placed on Temporary Administrative Segregation Confinement (TASC) following his receipt of a conduct rule violation report on April 10, 1990. Both prison policy and Missouri Department of Corrections and Human Resources Rule 20-112.010(4)(A) (Rule 20-112.010(4)(A)) prohibit inmates placed on TASC from receiving visitors. On April 11, 1990, while Barr was still on TASC, Barr's sister attempted to visit him but was denied visitation.
 
 
 3
 Also on April 11, 1990, and again on April 12, 1990, Barr filed a Medical Services Request in which he complained of bleeding hemorrhoids. Barr was examined by a physician regarding his complaints on April 18, 1990. Barr's hemorrhoid condition had previously been diagnosed and treated by a PCC physician with Colace (a stool softener).
 
 II. DISCUSSION
 
 4
 Barr contends that the appellees violated his Eighth Amendment right to be free of cruel and unusual punishment. More specifically, Barr claims that the prison officials by delaying his examination by a physician for seven days from his initial Medical Services Request were deliberately indifferent to his need to have his hemorrhoids treated.
 
 
 5
 In order to violate the Eighth Amendment, the actions of the prison officials must have been deliberate or purposeful and the inmate's medical needs must have been serious. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Moreover, that denial of medical care must amount to an unnecessary and wanton infliction of pain. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990).
 
 
 6
 Barr, however, has not alleged any facts to indicate that his hemorrhoid condition was aggravated by the delay of seven days. The appellant has not alleged that the PCC officials and employees ignored an acute or escalating situation. Rather, Barr's position is that his hemorrhoid condition was a serious medical condition because it had previously been treated by a physician and that even a lay person would recognize that the condition obviously required medical treatment. Barr further argues that a delay of seven days before receiving treatment is itself evidence of the appellees' deliberate indifference to his medical needs.
 
 
 7
 Nonetheless, we have previously held that a one-month delay in treating leg pain did not amount to deliberate indifference to a serious medical need. Givens, 900 F.2d at 1233. In Givens, the plaintiff told prison officials that he had leg pain in November, but he was not taken to see a physician until the following January. Id. at 1231. We held that "[w]ithout any allegation that the defendants ignored an acute or escalating situation involving a serious medical condition, we cannot conclude that a one-month delay in providing treatment for leg pain clearly amounted to deliberate indifference to a serious medical need." Id. at 1233. Barr failed to meet his burden of proof when he merely alleged his condition had been previously diagnosed and treated. Without more, a delay of seven days in obtaining treatment does not constitute deliberate indifference to Barr's medical needs in violation of the Eighth Amendment. Thus, the district court properly granted the appellees' motion for summary judgment.
 
 
 8
 Barr also contends that his First and Fourteenth Amendment rights were violated when he was denied visitation rights with his sister while on TASC. The appellees argue that we should not decide this issue because it was raised for the first time on appeal. See Clark Equip. Corp. v. Martin Lumbar Co., 731 F.2d 579, 581 (8th Cir. 1984). Although the district court did order summary judgment on the denial of visitation claim based upon the Eighth Amendment, Barr did, in fact, raise the First and Fourteenth Amendment claim in both his complaint and his memorandum in opposition to the plaintiff's motion for summary judgment. Thus, we will consider this issue because a court of appeals may affirm a district court's order granting summary judgment on any basis supported by the record, even if that ground was not considered by the court below. Cochenour v. Cochenour, 888 F.2d 1244, 1246 (8th Cir. 1989).
 
 
 9
 Specifically, Barr argues that his First and Fourteenth Amendment rights were violated because the denial of visitation by his sister while he was on TASC was done on an ad hoc basis. Barr furthermore contends that Rule 20-112.010, which denies visitation privileges to inmates on TASC, did not apply to him because he had not received a due process hearing prior to placement on TASC.[2]
 
 
 10
 Barr does not develop for the court his First Amendment argument. He simply states, " [a]t the very least, a genuine issue of material fact exists as to whether defendants denied Ronnie Barr a visitor on an ad hoc selective basis, in violation of his First and Fourteenth Amendment rights." Appellant's Br. at 10-11. Barr fails to specifically identify what right conferred by the First Amendment was infringed by visitation denial. A prison inmate only retains those First Amendment rights not inconsistent with his status as a prisoner. Jones v. North Carolina Prisoner's Labor Union, Inc., 433 U.S. 119, 125 (1977). The most obvious right forfeited by a convicted inmate is the right to free association. Id. at 126. Restricted visitation for inmates who are on TASC is a justifiable limitation on an inmate's right to free association. Barr's claim that his First Amendment rights were infringed by the visitation restriction is thus without support.
 
 
 11
 Barr further contends that the denial of visitation rights to his sister violated his Fourteenth Amendment rights. The denial of prison access to a visitor is well within the restrictions contemplated by a prison sentence. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1988). Restrictions in prison access do not independently violate the Due Process Clause of the Fourteenth Amendment. Id. Nevertheless, state law may create an enforceable liberty interest in the prison setting. Id. Without a state regulation or statute containing mandatory language, a prisoner has no enforceable liberty interest in visitation rights. See id. at 464.
 
 
 12
 Thus, Barr's claim that his Fourteenth Amendment rights were violated by the officials' denial of visitation hinges upon whether there is mandatory language in a Missouri statute or regulation giving him an absolute right to visitation. Barr has cited for this court no such source of a liberty interest. In fact, the only rule cited by Barr, Rule 20-112.010(4)(A), instead denies inmates in disciplinary segregation regular visiting status. The rule specifically lists rights and privileges which inmates confined to disciplinary status retain: those rights and privileges do not include visitation. See Rule 20-112.010(3). In short, Barr presented no evidence from which this court can find an enforceable liberty interest in visitation. We find the district court properly granted the appellees' motion for summary judgment on Barr's claim that his constitutional rights were violated by his denial of visitation by his sister.
 
 III. CONCLUSION
 
 13
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Barr argued before the district court that his constitutional rights were violated by the lack of a due process hearing prior to placement on TASC; however, Barr did not appeal the court's order of summary judgment on that issue