16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Merlin Charles LONG, Appellant,
v.
Dr. BLACKWELL; C.M.S., Appellees.
 No. 93-2482.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 17, 1994.
Filed: January 28, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Merlin C. Long, an Iowa inmate, appeals from the district court's[1] judgment in favor of the defendants in this 42 U.S.C. Sec. 1983 action. We affirm the judgment of the district court.
 
 
 2
 Long filed a pro se complaint alleging that Dr. Blackwell, a physician serving Iowa State Penitentiary (ISP), and his employer, Correctional Medical Systems (on contract to provide ISP proper medical care), were deliberately indifferent to his hemorrhoidal problems in violation of the Eighth Amendment. Long sought damages and immediate medical attention. Long did not demand a jury trial.
 
 
 3
 After an evidentiary hearing, the magistrate judge found that Long received over forty treatments for his rectal problems and that Pam Miller, the physician's assistant, regularly examined Long and discovered only one occasion of bleeding. The magistrate judge also found that Dr. Amanda Metcalf, a University of Iowa surgeon, diagnosed a rectal condition that did not require surgery and that Long's own expert witness did not recommend surgery, but did suggest a high fiber diet and Metamucil. Thus, the magistrate judge determined that Long's complaint amounted to a disagreement with the physicians regarding treatment and did not establish an Eighth Amendment violation. The magistrate judge also recommended that evidence showing a one-to-three day delay in treating Long's hemorrhoids did not amount to deliberate indifference and that Long did not show that the defendants acted with a culpable state of mind. The district court adopted the magistrate judge's report over Long's objections and entered judgment for the defendants.
 
 
 4
 We review the district court's findings of fact under the clearly erroneous standard, but we review de novo whether the defendants violated the Eighth Amendment. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). Prison officials must act with deliberate indifference to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Furthermore, "an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." Choate, 7 F.3d at 1373.
 
 
 5
 The district court did not clearly err in finding that the evidence shows defendants treated Long continuously for his ailment and provided him proper treatment according to the recommendations of Dr. Metcalf and Long's own expert witness. The allegation that defendants denied Long a necessary surgery for his hemorrhoids does not sufficiently support an Eighth Amendment claim because Long failed to produce any medical opinion stating he needed surgery. See Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989). A delay of a few days in providing treatment for hemorrhoids did not constitute deliberate indifference to Long's medical needs because the delay did not affect "an acute or escalating situation involving a serious medical condition." Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Long also did not present evidence showing that defendants acted with a sufficiently culpable state of mind. See Wilson v. Seiter, 111 S. Ct. 2321, 2324 (1991).
 
 
 6
 We have reviewed the additional material Long submitted pro se on appeal. The subject matter of the material is not relevant to the present allegations.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa, adopting the report and recommendation of the Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa