29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Preston C. ROBERSON, Appellant,
v.
STEPHENS, Mrs., Delta Unit, Arkansas Department of
Correction, Appellee.
 No. 93-3608.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 11, 1994.
Filed: July 14, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Preston Roberson, an Arkansas inmate, appeals the magistrate judge's[1] order granting summary judgment in favor of Ann Stephens in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Roberson alleged Stephens, the Delta Regional Unit infirmary manager, acted with deliberate indifference by failing to respond to his serious medical needs. The magistrate judge granted Stephens's motion for summary judgment.
 
 
 3
 This court reviews de novo the district court's grant of summary judgment. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). To prevail on an Eighth Amendment claim, Roberson must prove that Stephens acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 4
 Roberson admits Stephens effectively treated him for his sinus and chest problems and provided ice for his knee after he had fallen. While he alleges Stephens did not respond to his knee complaints on other, unspecified occasions, Roberson did not submit evidence to rebut medical records showing that he received continuous medical care. We conclude Roberson failed to show that his medical needs, if serious, were not met.
 
 
 5
 To the extent Roberson is alleging a delay in treatment amounted to deliberate indifference, he did not show the delay, if any, created an acute or escalating situation. See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). To the extent he is alleging a difference of opinion as to medical treatment, such disagreement is not actionable under section 1983. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)